UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EGLON BASCOM,

                              Plaintiff,

   -against-

THE BROOKLYN HOSPITAL,

                             Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

15-CV-2256 (SLT)(LB)

**TOWNES, United States District Judge:**

Plaintiff Eglon Bascom, proceeding *pro se*, filed an application to proceed against "The Brooklyn Hospital" on April 21, 2015.[1] For the reasons set forth below, Bascom's motion for leave to file is granted and the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

### A. Litigation History

Bascom has a long filing history in this district.[2] Proceeding *pro se* and *in forma pauperis*, he has filed at least a dozen unsuccessful actions against Brookdale Hospital. All of these cases arose from the same facts. Bascom completed one year of medical residency training at Brookdale Hospital in 1999, but the hospital declined to certify that he completed the program satisfactorily. Bascom then filed actions alleging that Brookdale Hospital and its employees harassed him, discriminated against him, and retaliated against him on the basis of his race, religion, and national origin. He also filed actions under 42 U.S.C. § 1981.

Eventually, Judge Allyne R. Ross enjoined Bascom "from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale

---

[1] Bascom also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 3.) That application is granted.

[2] A more thorough recounting of Bascom's filings appears in this Court's order dated September 30, 2014, in *Bascom v. The Brooklyn Hospital*, 14-CV-5703-SLT-LB.

Hospital in this Court without first obtaining leave of Court." *Bascom v. Brookdale Hospital*, No. 10-CV-3378-ARR-LB (ECF No. 10). Despite this injunction, Bascom has continued to file actions related to his medical training. Most recently, however, Bascom filed an action against The Brooklyn Hospital, which this Court found was not barred by the above-noted filing injunction. This Court dismissed that case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and frivolousness and warned Bascom against continuing to file frivolous, malicious, or vexations actions in this Court. *See Bascom v. The Brooklyn Hospital*, 14-CV-5703-SLT-LB (ECF No. 5).

B. The Instant Action

Here, Bascom alleges that he has successfully completed two years of medical residency training, first at Brookdale Hospital and then at Cabrini Medical Center. He alleges that he was fired for "racially motivated" reasons. Sometime around July 1, 2014, Bascom applied to continue his residency training at The Brooklyn Hospital. Although The Brooklyn Hospital denied Bascom's application citing a lack of funding, Bascom alleges that funding either is available or could be made available for his position. He also alleges that The Brooklyn Hospital admitted "[o]ther [r]esident physicians that have successfully completed two years of residency training." (Compl. 1, ECF No. 2.) Bascom invokes Title VII and seeks damages and injunctive relief.

Because Bascom now sues The Brooklyn Hospital regarding an application he filed for that hospital's residency program in July 2014, the Court finds that the instant action does not fit within the 2010 filing injunction noted above. But like his previous action against The Brooklyn Hospital, this action fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a complaint's allegations are assumed to be true, this tenet "is inapplicable to legal conclusions." *Id.*

Courts must read *pro se* filings liberally and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation and internal quotation marks omitted). Nevertheless, 28 U.S.C. § 1915 requires courts to dismiss a case filed *in forma pauperis* at any time if the court determines that "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A *prima facie* case of employment discrimination requires proof that: "(1) plaintiff is a member of a protected class; (2) plaintiff was qualified for his or her position; (3) plaintiff was subjected to an adverse employment action; and (4) the adverse employment action took place under circumstances giving a rise to an inference of discrimination based on plaintiffs membership in the protected class." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 403–04 (S.D.N.Y. Mar. 10, 2014) (citations and internal quotation marks omitted). Although Title VII plaintiffs "need not plead a *prima facie* case, the elements of a *prima facie*

case do 'provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312 ER, 2013 WL 1809772, at *4 (S.D.N.Y. Apr. 30, 2013) (alteration in original) (citation omitted). "Thus, courts consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiffs claim and the grounds on which it rests." *Henry*, 18 F. Supp. 3d at 404 (citation and quotation marks omitted).

Here, Bascom has not pleaded facts amounting to a plausible discrimination claim. Although he alleges that his termination from two previous residency programs "appeared racially motivated," he does not allege that The Brooklyn Hospital's denial of his application was a race-based decision.[3] And while he alleges that other applicants who have completed two years of residency training were allowed to complete the training program, he fails to provide any factual allegations to support an inference of discrimination. For example, he does not allege that the admitted applicants were of a different race. *See Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) ("A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably."). The "*sine qua non*" of a Title VII discrimination claim is that "the discrimination must be *because of* [a protected characteristic]." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (citation omitted). Bascom's conclusory allegations of disparate treatment as compared to an unspecified class of other applicants fail to "nudge[] [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

---

[3] Although Bascom does not plead his membership in a protected class, his previous filings with this Court state that he is "Black" and of Guyanese origin. *See Bascom v. Fried*, 07-cv-677-NG-ALC (Compl. ¶ 7, ECF No. 1). Nonetheless, his complaint in this action fails for additional reasons.

## CONCLUSION

Plaintiff's motions for leave to file (ECF No. 1) and to proceed *in forma pauperis* (ECF No. 3) are granted for the purpose of this Memorandum and Order only. Plaintiff's complaint is dismissed pursuant to the *in forma pauperis* statute for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). In light of Bascom's *pro se* status, the Court will permit him to file an amended complaint within 30 days of service of this Memorandum and Order. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The request for appointment of counsel is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 29, 2015
Brooklyn, New York